JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7155
Fax: (415) 436-6927
Email: neill.tseng@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAURA FINNERTY,<br><br>Plaintiff,<br><br>v.<br><br>SUSANNA MERCADO,<br><br>Defendant. | No. C 08-00027 SI<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO (1) SUBSTITUTE THE UNITED STATES FOR SUSANNA MERCADO AS PARTY DEFENDANT PURSUANT TO 28 U.S.C. § 2679(d)(2) AND (2) DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date: February 15, 2008<br>Time: 9:00 a.m. |

**PLEASE TAKE NOTICE** that defendant Susanna Mercado will move this Court on **February 15, 2008** at 9:00 a.m. in Courtroom 10, 19th Floor, United States Federal Building, 450 Golden Gate Ave., San Francisco, California, before the Honorable Susan Ilston, U.S. District Judge, for an order (1) formally substituting the United States for Susanna Mercado as party defendant pursuant to 28 U.S.C. § 2679(d)(2), and (2) dismissing Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). This motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

**STATEMENT OF RELIEF**

Defendant Susanna Mercado moves for an order (1) formally substituting the United States for Susanna Mercado as party defendant pursuant to 28 U.S.C. § 2679(d)(2), and (2) dismissing Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**ISSUES TO BE DETERMINED**

1. Whether the United States should be substituted as party defendant for Susanna Mercado.

2. Whether the court has subject matter jurisdiction over the plaintiff's action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

Plaintiff Laura Finnerty ("Plaintiff") alleges a claim *pro se* against defendant Susanna Mercado ("Mercado") for an incident that arose in the scope of Mercado's employment as a letter carrier for the United States Postal Service (the "USPS"). Because the incident arose in the course of Mercado's federal employment, the United States should be substituted for Mercado as the party defendant under the Federal Tort Claims Act (the "FTCA"). The complaint should be dismissed because the United States is immune from the plaintiff's claim and, additionally, the plaintiff has not exhausted administrative remedies as required.

## II. STATEMENT OF FACTS.

The factual allegations in Plaintiff's complaint are sparse, but the complaint seeks damages arising from an incident between Plaintiff and Mercado on July 16, 2007, as Mercado was delivering mail on foot in Plaintiff's neighborhood. USPS policy instructs carriers to avoid dogs that they feel present a threat to them and specifically not to deliver mail to addresses at which dogs are unleashed.. Decl. of Jose F. Hamtig ("Hamtig Decl.") ¶ 4. According to the police report, Mercado did not deliver mail to Plaintiff's residence that day because she feared that Plaintiff's dogs, which were known to have attacked another postal carrier, presented a threat to her. See Hamtig Decl. ¶ 3 (Ex. A: Police Report for Incident #070716566).

[DEFENDANT'S NOTICE OF MOTION AND MOTION TO (1) SUBSTITUTE THE UNITED STATES FOR SUSANNA MERCADO AS PARTY DEFENDANT PURSUANT TO 28 U.S.C. § 2679(d)(2) AND (2) DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION]

The police report also states that, shortly afterward, Plaintiff attempted to run Mercado over with Plaintiff's SUV, which was witnessed by a third-party bystander. Mercado called the police, who arrived and arrested Plaintiff. See id. Plaintiff sued in state small claims court to recover alleged damages of $5,000 in bail money and $515 in lost wages resulting from her arrest. See Exhibit A to Notice of Removal (Docket #1 ). Defendant timely removed the action to federal court pursuant to 28 U.S.C. § 2679(d)(2). See Notice of Removal (Docket # 1).

## III. DISCUSSION.

### A. THE UNITED STATES SHOULD BE SUBSTITUTED AS THE PARTY DEFENDANT.

The July 16, 2007, incident forming the basis for Plaintiff's complaint occurred in the scope of Mercado's employment. Mercado refused to deliver mail to Plaintiff in her capacity as an employee of the USPS and pursuant to USPS policy regarding dogs. When Plaintiff attempted to run over Mercado and Mercado called the police in response, Mercado was delivering mail as a USPS letter carrier.

Accordingly, the Attorney General, through the Chief of the Civil Division of the United States Attorney's Office for the Northern District of California, has certified that Mercado was acting within the course and scope of her employment with respect to the matters alleged in Plaintiff's complaint. See Certification Pursuant to 28 U.S.C. § 2679(d). Under the FTCA, this certification is conclusive and the United States should be substituted for Mercado as the party defendant:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a state Court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. **Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.**

28 U.S.C. § 2679(d)(2) (emphasis added).

Moreover, there is no question that the certification was correct. California law controls

[DEFENDANT'S NOTICE OF MOTION AND MOTION TO (1) SUBSTITUTE THE UNITED STATES FOR SUSANNA MERCADO AS PARTY DEFENDANT PURSUANT TO 28 U.S.C. § 2679(d)(2) AND (2) DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION]

the scope of employment question because the incident at issue took place in San Francisco. See McLachlan v. Bell, 261 F.3d 908, 911 (9th Cir. 2001) (applying California law to the scope of employment question when all of the conduct at issue in the case took place in California). In California, the scope of employment is "interpreted broadly." Farmers Ins. Group v. County of Santa Clara, 11 Cal. 4th 992, 1004, 47 Cal. Rptr. 2d 478, 486 (1995). In applying California's state tort claims act, the California Supreme Court has held that an employee acts within the scope of employment when "in the context of a particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. Id., 11 Cal. 4th at 1003, 47 Cal. Rptr. 2d at 486 (citation omitted). When an employee is "combining his own business with that of his employer, or attending to both at substantially the same time, no nice inquiry will be made as to which business he was actually engaged in at the time of injury, unless it clearly appears that neither directly nor indirectly could he have been serving his employer." Id., 11 Cal. 4th at 1004, 47 Cal. Rptr. 2d at 486 (citation omitted). Acts within the scope of employment may include willful and malicious torts, as well as acts that violate a company rule and confer no benefit on the employer. Id., 11 Cal. 4th at 1004, 47 Cal. Rptr. 2d at 486-87 (citations omitted).

### B. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

#### 1. Rule 12(b)(1) Standard.

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). When, as here, the defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving that the court has jurisdiction. Thornhill Publ. Co., Inc., 594 F.2d at 733 (citation omitted). The court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

[DEFENDANT'S NOTICE OF MOTION AND MOTION TO (1) SUBSTITUTE THE UNITED STATES FOR SUSANNA MERCADO AS PARTY DEFENDANT PURSUANT TO 28 U.S.C. § 2679(d)(2) AND (2) DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION]

### 2. <u>The Court Lacks Subject Matter Jurisdiction.</u>

#### a. <u>Sovereign Immunity Bars Plaintiff's Suit.</u>

The federal government enjoys immunity from suit "except to the extent that it has unequivocally consented to litigation against itself." LaBarge v. County of Mariposa, 798 F.2d 364, 366 (9th Cir. 1986). The FTCA acts as a limited waiver of this sovereign immunity for tort claims. Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). In alleged torts committed by employees of the United States in the scope of their employment, the FTCA is the exclusive remedy against the United States. 28 U.S.C. § 2679(b)(1).

Here, the operative tort appears to be an alleged false imprisonment of Plaintiff by Mercado. However, there is a statutory exception to the FTCA's waiver of sovereign immunity for false imprisonment. See 28 U.S.C. § 2680(h) (excepting "[a]ny claim arising out of . . . false imprisonment"). That statutory exception deprives the Court of jurisdiction over Plaintiff's case. See Mundy v. United States, 983 F.2d 950, 952 (9th Cir. 1993) ("When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case.").

#### b. <u>Plaintiff Has Not Exhausted Administrative Remedies.</u>

Even if Plaintiff's suit is not barred by sovereign immunity, the FTCA requires a plaintiff to submit an administrative claim before filing suit in federal court:

> In a claim for damages against the United States, an independent cause of action must first be submitted for administrative review before that claim can be filed in federal court. See 28 U.S.C. § 2675(a). Where such a claim is not first presented to the appropriate agency, the district court, pursuant to Federal Rule of Civil Procedure 12(b)(1), must dismiss the action for lack of subject matter jurisdiction. See McNeil v. United States, 508 U.S. 106 [parallel citations omitted] (1993).

Goodman v. United States, 298 F.3d 1048, 1054-55 (9th Cir. 2002).

Here, Plaintiff has not filed an administrative claim regarding the incident at issue. Decl. of Gwendolyn E. Murray ¶ 3. Thus, the court lacks jurisdiction over Plaintiff's complaint and should dismiss it.

[DEFENDANT'S NOTICE OF MOTION AND MOTION TO (1) SUBSTITUTE THE UNITED STATES FOR SUSANNA MERCADO AS PARTY DEFENDANT PURSUANT TO 28 U.S.C. § 2679(d)(2) AND (2) DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION]

## IV. CONCLUSION.

Defendant respectfully requests that the Court grant its motion to (1) substitute the United States for Susanna Mercado as party defendant and (2) dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: January 10, 2008

/s/

NEILL T. TSENG
Assistant United States Attorney

[DEFENDANT'S NOTICE OF MOTION AND MOTION TO (1) SUBSTITUTE THE UNITED STATES FOR SUSANNA MERCADO AS PARTY DEFENDANT PURSUANT TO 28 U.S.C. § 2679(d)(2) AND (2) DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO (1) SUBSTITUTE THE UNITED STATES FOR SUSANNA MERCADO AS PARTY DEFENDANT PURSUANT TO 28 U.S.C. § 2679(d)(2) AND (2) DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**Cruz Hernandez, et al. v. Sutter Medical Center of Santa Rosa, et al.**
**C 06-3350 SBA**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_√_ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ **CERTIFIED MAIL** (#) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ **PERSONAL SERVICE (BY MESSENGER)**

____ **FEDERAL EXPRESS via Priority Overnight**

____ **FACSIMILE (FAX)** Telephone No.: See Below

to the party(ies) addressed as follows:

Laura Finnerty,
2343 47th Avenue
San Francisco, CA 94116

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 10, 2008 at San Francisco, California.

/S/
MANIK BOWIE
Legal Assistant