IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FINNERTY,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant.<br>_____/ | No. C 08-0027 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SUBSTITUTE THE UNITED STATES FOR SUSANNA MERCADO AS PARTY DEFENDANT AND DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION** |

On February 15, 2008, the Court held a hearing on defendant's motion to substitute the United States for Susanna Mercado as party defendant and to dismiss this action for lack of subject matter jurisdiction. Plaintiff did not file an opposition, and did not appear at the hearing. After review of defendant's motion and supporting papers, the Court hereby GRANTS the motion.

**BACKGROUND**

On November 16, 2007, plaintiff Laura Finnerty filed a pro se small claims complaint in the San Francisco Superior Court seeking damages in the amount of $5,515.00 from Susanna Mercado, a letter carrier with the U.S. Postal Service. Plaintiff's complaint states that she was arrested, and she seeks damages for the amount of bail ($5,000) and lost wages ($515). The complaint does not describe the circumstances of plaintiff's arrest. However, defendant has submitted a police report stating that plaintiff was arrested after an incident between plaintiff and Mercado on July 16, 2007, when Mercado was delivering mail on foot in plaintiff's neighborhood. According to the police report, Mercado did

not deliver mail to plaintiff's residence because she feared that plaintiff's dogs presented a threat to her. *See* Hamtig Decl. Ex. A. The police report states that plaintiff attempted to hit Mercado with her SUV, and yelled obscenities at her. *Id*. Mercado called the police, who arrived and arrested plaintiff. *Id*. The incident was witnessed by a third-party bystander, who provided a signed statement to the police. *Id*.

The United States Attorney filed a notice of removal pursuant to 28 U.S.C. § 2679(d)(2) based upon the Attorney General's certification that Mercado was acting within the course and scope of her employment at all times relevant to plaintiff's claims. Notice of Removal ¶ 3; Certification Pursuant to 28 U.S.C. § 2679(d) at ¶¶ 1-2. The United States now moves to substitute the United States for Mercado as the defendant and dismiss the complaint for lack of subject matter jurisdiction. Plaintiff did not file an opposition.

**DISCUSSION**

When a federal employee is sued for a tort, the Federal Employees Liability Reform and Tort Compensation Act of 1988 enables the Attorney General to certify that the employee was "acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ." 28 U.S.C. § 2679 (d)(1). Upon certification, the employee is dismissed from the suit, and the United States is substituted as the defendant. The Attorney General has filed the required certification, and accordingly the Court GRANTS the motion to substitute the United States for defendant Mercado.

The Federal Tort Claims Act requires persons with tort claims against the federal government to file a claim with the appropriate federal agency. *See* 28 U.S.C.A. § 2675(a). "Where such a claim is not first presented to the appropriate agency, the district court, pursuant to Federal Rule of Civil Procedure 12(b)(1), must dismiss the action for lack of subject matter jurisdiction." *Goodman v. United States*, 298 F.3d 1048, 1054-55 (9th Cir. 2002). Here, plaintiff has not filed an administrative claim regarding the incident at issue. *See* Murray Decl. ¶ 3. Accordingly, the Court lacks jurisdiction over plaintiff's complaint, and GRANTS defendant's motion to dismiss.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the United


States' motion to substitute and for dismissal without leave to amend based on lack of subject matter jurisdiction. (Docket No. 9).

**IT IS SO ORDERED.**

Dated: February 15, 2008

SUSAN ILLSTON
United States District Judge